## Monroe v. Nichols et al.

*Deed—Reformation—Omission of reservation of oil rights—Intention of parties—Equity.*

On a bill in equity to reform a deed because of the ommission of a reservation of oil rights, a decree will be entered for plaintiff where it appears that it was the intention of both parties to the deed to reserve the oil rights in the grantor, that the omission was a mutual mistake, and that the person claiming from the grantee knew that the grantor owned such rights and had been receiving royalties from them.

Bill in equity.  C. P. McKean Co., Oct. T., 1922, No. 2.

*T. F. Mullin,* for plaintiff; *Gallup & Potter,* for defendants.

BOUTON, P. J., July 25, 1924.—The bill in this case prays:

1. For the reformation of a certain deed from Margaret E. Monroe to John Stroud, dated Jan. 20, 1903, and recorded in the office of the Recorder of Deeds in McKean County, State of Pennsylvania, in Deed Book No. 124, page 197, according to the intent and agreement of the parties, so that the aforesaid oil and gas rights and royalty claimed by the plaintiff shall be expressly excepted and reserved in said deed.

2. That the defendants, and each of them, be restrained and enjoined from hindering or interfering with the plaintiff's use, enjoyment and right of pos-session of said oil and gas royalty and the proceeds arising therefrom.

3. That the defendants be ordered and required to pay to the plaintiff such damages as she may have sustained by reason of the aforesaid wrongful acts of said defendants.

4. That the defendants be ordered to pay the costs of this action.

5. Other and further relief.

It appears from the bill filed in this case, on or about Jan. 20, 1903, the plaintiff agreed to sell to John F. Stroud for the sum of $600 the surface rights, exclusive of oil and gas rights, in a certain tract of land owned by her in Foster Township, McKean County, Pennsylvania, consisting of 54.4 acres, more or less, and more fully described in a copy of the deed attached to said bill. That, in pursuance of said agreement, they engaged an attorney to draw a deed therefor; that a mistake was made in drawing said deed in the following respect, to wit: "Said deed, as drawn and executed, did not contain an exception and reservation of the oil and gas right and oil and gas royalty of the plaintiff in said lands as intended and agreed upon by the par-ties.  That the agreement and intent of the aforesaid plaintiff and John F. Stroud was that the aforesaid oil and gas right in said premises was to be excepted and reserved in said deed and that said conveyance was made subject to the rights of those holding oil leases thereon."

It further appears that, by virtue of sundry conveyances, the title of the said John F. Stroud was, at the time of the bringing of this action, together with the title held by sundry lessees for oil and gas purposes, vested in the

Monroe *v.* Nichols et al.

defendants herein, except E. R. Barry, defendant, whose name as a defendant was afterward, upon motion of defendants' counsel, stricken from the record as a party defendant.

It clearly appears from the testimony in this case that, at the time the agreement was made between Margaret E. Monroe and John F. Stroud, it was agreed between them that the oil right in the said land was to be expressly reserved to the said Margaret E. Monroe; that they, together with Mrs. Rhoda E. Maloney, went to the office of Attorney J. M. McClure for the purpose of having the deed prepared, and there Mrs. Monroe stated to Attorney McClure, in the presence of John F. Stroud, who assented thereto, that a deed was to be drawn reserving the oil right in the said land; that Stroud was only to purchase the surface of the land, together with the timber, for the sum of $600, which was a grossly inadequate price, had the oil right been included; that a mistake was made in the preparation of the deed by Mr. McClure in not expressly reserving said oil right; that the deed contained the following clauses: "It is understood between the parties hereto that this conveyance is made subject to the rights of those holding oil leases upon the premises described herein."

No doubt the scrivener thought that this clause, as did many during the early days of the oil business in McKean County, reserved the oil right, but as a matter of law in this he was mistaken. It thus appears that the intention of both parties was to reserve the oil right and that the mistake was a mutual one.

From that time on to sometime after the present defendants acquired the title, Margaret E. Monroe had enjoyed the oil right by receiving at all times the royalty interest in said land. It was never questioned by any of the subsequent owners down to E. R. Barry, who acquiesced in it and who was the grantor of the present defendants, and they, for sometime after their purchase, also acquiesced in it. They were told when they purchased this property by the agent through whom the purchase was made that E. R. Barry only owned seven-eighths of the oil interest; they were also told by E. R. Barry that all he was selling was the seven-eighths or the working interest.

This evidence, together with the evidence of witnesses who heard the declarations of John F. Stroud, the original grantee of Mrs. Margaret E. Monroe, the plaintiff, that all he owned was the surface and timber, is strongly corroborative evidence of Mrs. Rhoda E. Maloney upon the question of mutual mistake in the deed. We are convinced from the evidence that the deed should be reformed at the costs of the defendants.

And now, to wit, July 25, 1924, this cause came on for hearing and was argued by counsel, whereupon, upon due consideration thereof, it is ordered, adjudged and decreed as follows: That the deed given by Margaret E. Monroe to John F. Stroud, dated Jan. 20, 1903, recorded in McKean County Records, in Deed Book vol. 124, page 197, be and the same is hereby reformed according to the true intent and agreement of the parties, so that the oil and gas rights and the royalty claim of the plaintiff in the lands therein described shall be expressly reserved and excepted in said deed. That the said defendants, and each of them, are hereby restrained and enjoined from hindering or interfering with the plaintiff's use, enjoyment and right of possession of the oil and gas royalty in said lands according to the prayer of the plaintiff's bill. That the defendants pay the costs of suit.

From E. G. Potter, Smethport, Pa.